# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDRE D. YOUNG, | ) |
| Petitioner, | ) Civil Action No. 16-320 |
| | ) Magistrate Judge Maureen P. Kelly |
| v. | ) |
| MICHAEL OVERMYER and THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA, | ) |
| Respondents. | |

## MEMORANDUM OPINION AND ORDER

Andre D. Young ("Petitioner"), a state prisoner, has filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (the "Petition"). ECF No. 1. For the reasons that follow the Petition will be denied as will a certificate of appealability.

## I. FACTUAL AND PROCEDURAL HISTORY

### A. State Court Factual and Procedural History

This case arises from criminal convictions of Petitioner in the Court of Common Pleas of Jefferson County, Pennsylvania. ECF No. 4 at 1. The Pennsylvania Superior Court summarized the factual basis for Petitioner's convictions and procedural history in the state courts as follows:

> The relevant facts and procedural history of this appeal are as follows. On April 24, 2012, state police utilized a confidential informant ("CI-1") to conduct a controlled purchase of heroin from Appellant and co-defendant, Anthony Harris, at 229½ Cranberry Alley in Punxsutawney. On April 30, 2012, police utilized another informant ("CI-2") to conduct a second controlled purchase of heroin directly from Appellant at the Cranberry Alley residence. Following the second transaction, police stopped Appellant outside the residence, performed a frisk, and recovered prerecorded buy money from his pocket.
>
> At No. 315 of 2012, the Commonwealth filed a criminal information charging Appellant with conspiracy in conjunction with the April 24, 2012 controlled purchase. At No. 316 of 2012, the Commonwealth filed a criminal information charging Appellant with possession of a controlled substance and delivery of a controlled substance in conjunction with the April 30, 2012 controlled purchase. On September 7, 2012, Appellant filed omnibus pretrial motions to suppress evidence and compel discovery. The court conducted a hearing on the

motions on October 31, 2012. After receiving testimony, the court denied the suppression motions and granted the motion to compel discovery. At the conclusion of the hearing, the Commonwealth moved to consolidate the charges for trial. Appellant objected to consolidation, but the court granted the Commonwealth's motion.

Following trial, a jury convicted Appellant of all charges. On November 14, 2012, the court sentenced Appellant to thirty-two (32) months to six (6) years' imprisonment for the conspiracy conviction at No. 315 of 2012. The court imposed a consecutive sentence of seven and one-half (7 ½) to fifteen (15) years' imprisonment for the drug convictions at No. 316 of 2012. Appellant timely filed post-sentence motions at both docket numbers on Monday, November 26, 2012, which included a challenge to the weight of the evidence. On November 30, 2012, the court denied the post-sentence motions. Appellant did not file a notice of appeal.

On January 3, 2013, Appellant filed a counseled motion for leave to file a notice of appeal *nunc pro tunc* at both docket numbers. That same day, the court granted Appellant's motion. Also on January 3, 2013, Appellant timely filed notices of appeal *nunc pro tunc* at both docket numbers. On January 10, 2013, the court ordered Appellant to file a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P.1925(b). Appellant timely filed a Rule 1925(b) statement on January 29, 2013. On June 25, 2013, this Court consolidated the appeals *sua sponte*.

Com. v. Young, 40 WDA 2013, 2013 WL 11254642, at *1 (Pa. Super. Oct. 25, 2013)

In his direct appeal to the Pennsylvania Superior Court, Petitioner raised only two issues in the body of his appeal brief: "DID THE [TRIAL] COURT ERR IN GRANTING THE COMMONWEALTH'S MOTION TO CONSOLIDATE? WAS THE JURY'S VERDICT OF GUILTY ENTERED AGAINST THE WEIGHT OF THE EVIDENCE PRESENTED AT TRIAL?" Id. at 2. The Superior Court affirmed. No Petition for Allowance of Appeal was filed with the Pennsylvania Supreme Court.

Thereafter, Petitioner filed a timely Post Conviction Relief Act ("PCRA") Petition. The Superior Court described the PCRA proceedings as follows:

On September 29, 2014, Appellant timely filed a *pro se* PCRA petition. The PCRA court appointed counsel on October 7, 2014. On January 22, 2015, Appellant's PCRA counsel filed a petition to withdraw along with a no-merit letter pursuant to *Turner* and *Finley*. That same day, the court issued a notice of intent to dismiss the petition without a hearing, pursuant to Pennsylvania Rule of Criminal

2

Procedure 907. On January 30, 2015, Appellant filed a response to the court's Pa.R.Crim.P. 907 notice, requesting the court appoint him new counsel to proceed with his appeal. On February 17, 2015, the court denied Appellant's request for additional PCRA counsel, dismissed Appellant's PCRA petition, and granted counsel's petition to withdraw.

On February 20, 2015, Appellant timely filed a *pro se* notice of appeal. On February 25, 2015, the PCRA court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b), and he timely complied on March 9, 2015.

Appellant raises the following issues for our review:

DID THE PCRA COURT ERR INSOFAR AS ADOPTING PCRA COUNSEL[']S "NO[-]MERIT" LETTER SEEKING THEN GRANTING WITHDRAWAL AS ATTORNEY FOR APPELLANT IN LIEU OF FILING A PCRA OPINION WHEN SUCH A PRACTICE DID NOT DEMONSTRATE IN THE CERTIFIED RECORD ON APPEAL THAT THE PCRA COURT CONDUCTED A MEANINGFUL INDEPENDENT REVIEW OF APPEAL ISSUES OF APPELLANT[?]

WHETHER [PCRA] COUNSEL['S] PRETEXTED TENDERED DEFENSE AND PERFUNCTORY PERFORMANCE SUMMARIZED IN THE FOLLOWING DERELICTIONS OF DUTY AND BREACH OF PROFESSIONAL RESPONSIBILITY TO THE [LAWYER][-]CLIENT RELATIONS, RENDERED HIS BELOW EFFECTIVE ASSISTANCE, THAT FORFEITING AND DEPRIVING APPELLANT OF HIS RIGHT TO A MEANINGFUL REVIEW UNDER THE [PCRA]?

WAS TRIAL COUNSEL INEFFECTIVE IN FAILING TO ADVISE APPELLANT OF [THE POSSIBILITY] OF [A] 15 YEAR MAXIMUM SENTENCE AS HE WAS GIVEN [AND] PREVENTING HIM FROM ACCEPTING THE 5 YEAR MAXIMUM OFFERED IN A PLEA DEAL [WHEN] APPELLANT WAS UNDER THE IMPRESSION THAT 5 YEARS WAS THE ABSOLUTE MAXIMUM SENTENCED ALLOWED?

WAS TRIAL COUNSEL INEFFECTIVE IN FAILING TO CHALLENGE [NUMEROUS] ASPECTS OF APPELLANT'S SENTENCE WHICH WERE UNREASONABLE, AND BASED ON INCORRECT INFORMATION WHICH RESULTED IN AN EXCESS[IVE SENTENCE]?

WAS TRIAL COUNSEL INEFFECTIVE IN FAILING TO CHALLENGE AND PRESERVE APPELLANT[']S SIXTH AMENDMENT RIGHT TO CONFRONT WITNESS[ES] WHEN

[THE] TRIAL COURT UNCONSTITUTIONALLY ALLOWED
INTRODUCTION OF AFFIDAVIT TO LAB REPORTS OF NON
TESTIFYING WITNESS[?]

DID THE PCRA COURT ERR [IN] DENYING APPELLANT
PCRA RELIEF WITHOUT AN [EVIDENTIARY] HEARING ON
APPELLANT'S PCRA CLAIM OF TRIAL COUNSEL[']S
INEFFECTIVENESS?

Appellant's Brief at ii.[6,7]

---

[6] We note that Appellant failed to provide a statement of questions involved as required under Pa.R.A.P. 2116. His table of contents indicates that the "Statement of Questions Involved" will appear on page v, but page v is not included in his brief. However, because he has identified the specific issues he asks us to review in his "Table of Contents" section, his failure to comply with Pa.R.A.P. does not impede our ability to review the issues. Accordingly, we will address the merits of Appellant's claims. *See Commonwealth v. Long*, 786 A.2d 237, 239 n. 3 (Pa. Super. 2001) *aff'd*, 819 A.2d 544 (Pa.2003).

[7] We have re-ordered Appellant's issues for purposes of disposition.

Com. v. Young, 408 WDA 2015, 2015 WL 7187672, at *1–2 (Pa. Super. Nov. 16, 2015) (some footnotes omitted).

The Superior Court affirmed the denial of PCRA relief. No Petition for Allowance of Appeal was filed with the Pennsylvania Supreme Court.

### B. Federal Court Procedural History

After curing the deficiency of not paying the filing fee, the instant Petition was filed. ECF No. 4. In the Petition, he raised the following eight Grounds for Relief.

GROUND ONE: IN VIOLATION OF DEFENDANT'S SIXTH AMENDMENT
RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL, STATE TRIAL
COUNSEL WAS INEFFECTIVE BY STIPULATING TO THE IN-COURT
INTRODUCTION OF THE ABSENT CRIME LAB ANALYSIST [sic] REPORT.

ECF No. 4 at 6.

> GROUND TWO: IN VIOLATION OF DEFENDANT'S SIXTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL, TRIAL/SENTENCING COUNSEL FAILED TO CHALLENGE THE BLATANT MISCALCULATIONS OF DEFENDANT'S PRIOR RECORD SCORE THAT RESULTED TO THE EXCESSIVE SENTENCE.

Id. at 8.

> GROUND THREE: IN VIOLATION OF DEFNDANT'S U.S. CONSTITUTIONAL RIGHT TO DUE PROCESS OF LAW AND A FAIR TRIAL THE JURY'S VERDICT WAS AGAINST THE WEIGHT OF THE EVIDENCE.

Id. at 9.

> GROUND FOUR: IN VIOLATION OF DEFENDANT'S U.S. CONSTITUTIONAL FOURTEENTH AMENDMENT RIGHTS THE LOWER COURT COMMITTED A FUNDAMENTAL UNFAIR ERROR OF LAW BY DENYING DEFENDANT'S OMNIBUS PRE-TRIAL SUPPRESSION MOTION.

Id. at 11.

> Ground Five: THE PCRA COURT ERR [sic] BY DENYING APPELLANT'S PCRA PETITION WITHOUT AN EVIDENTIARY HEARING WHICH VIOLATED PETITIONER['s] DUE PROCESS RIGHT UNDER THE FOURTEENTH AMEMDMENT OF THE UNITED STATES CONSTITUTION.
>
> Ground Six: THE PCRA COURT ERR [sic] INSOFAR AS ADOPTING THE PCRA COUNSEL"S [sic] NO-MERIT LETTER SEEKING THEN GRANTING WITHDRAWAL AS ATTORNEY FOR APPELLANT IN LIEU OF FILING A PCRA OPINION WHEN SUCH A PRACTICE DID NOT DEMONSTRATE IN THE CERTIFIED RECORD ON APPEAL THAT THE PCRA COURT CONDUCTED A MEANINGFUL INDEPENDENT REVIEW OF APPEAL ISSUES WHICH VIOLATED PETITIONER'S FOURTEENTH AMENDMENT RIGHTS TO DUE PROCESS OF LAW.
>
> Ground Seven: TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO ADVISE APPELLANT OF THE POSSIBILITY OF 15 YEAR MAXIMUM SENTENCE AS HE WAS GIVEN, THUS PREVENTING HIM FROM ACCEPTING THE 5 year MAXIMUM OFFERED IN A PLEA DEAL. APPELLANT WAS UNDER THE IMPRESSION THAT 5 YEARS WAS THE ABSOLUTE MAXIMUM SENTENCE ALLOWED.

Ground Eight: IN VIOLATION OF DEFENDANT'S SIXTH AMENDMENT U.S. CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO CHALLENGE NUMEROUS ASPECTS OF APPELLANT'S SENTENCE WHICH WERE UNREASONABLE AND BASED ON INCORECT INFORMATION WHICH RESULTED IN AN EXCESSIVE SENTENCE.

Id. at 14.

After being granted an extension of time, Respondents filed their Answer, ECF No. 13, along with copies of much of the state court record attached as exhibits to the Answer. In the Answer, Respondents denied that Petitioner was entitled to federal habeas relief. After being granted an extension of time, Petitioner filed a Response or Traverse to the Answer. ECF No. 22. All parties have consented to the plenary exercise of jurisdiction by the United States Magistrate Judge. ECF Nos. 16, 19.

## II. DISCUSSION

### A. The AEDPA is Applicable.

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, tit. I, § 101 (1996) (the "AEDPA") which amended the standards for reviewing state court judgments in federal habeas petitions filed under 28 U.S.C. § 2254 was enacted on April 24, 1996. Because Petitioner's habeas Petition was filed after its effective date, the AEDPA is applicable to this case. Werts v. Vaughn, 228 F.3d 178, 195 (3d Cir. 2000).

Where the state courts have reviewed a federal issue presented to them and disposed of the issue on the merits, and that issue is also raised in a federal habeas petition, the AEDPA provides the applicable deferential standards by which the federal habeas court is to review the state courts' disposition of that issue. See 28 U.S.C. § 2254(d) and (e).

### B. Ground One – Counsel was Ineffective for Confrontation Clause Error.

In Ground One, Petitioner asserts that his trial counsel was ineffective when counsel

stipulated to the admission of the Commonwealth's crime lab report that analyzed the substance, which the confidential informants bought. The report indicated that the substance contained heroin. Petitioner contends that this stipulation deprived him of his Constitutional right to confront witnesses against him.

The Superior Court addressed this issue on the merits as follows:

> In this case, the Commonwealth introduced a lab report that indicated the substance of the controlled buy was heroin, and the lab analyst did not testify. Defense counsel, however, had no reason to object to the introduction of the lab report because Appellant was not arguing that the substance sold was not heroin. Appellant admitted that someone was selling heroin, but claimed it was not him, and the Commonwealth's evidence did not prove his guilt beyond a reasonable doubt. *See* N.T., 11/13/12, at 121.
>
> Further, counsel's failure to object to the admission of this testimony did not prejudice Appellant. In addition to introducing the lab report, the Commonwealth presented seven witnesses who testified against Appellant, four of whom testified that the substance in question was heroin. *See* N.T. at 21, 41, 51, 78. Thus, Appellant's ineffective assistance of counsel claim fails. *See Spotz,* 896 A.2d at 1231 ("A defendant is not prejudiced by the failure of counsel to present merely cumulative evidence.").

Com. v. Young, 408 WDA 2015, 2015 WL 7187672, at *8 (Pa. Super. Nov. 16, 2015).

To prove ineffectiveness, a petitioner must show that his counsel's performance was deficient and that the petitioner suffered prejudice as the result of the deficient performance. Strickland v. Washington, 466 U.S. 66 (1984). The Superior Court found that Petitioner's trial counsel was not deficient in stipulating to the admission of the lab report under the facts of this case because there was no factual dispute that heroin was sold to the confidential informants but the dispute was whether it was Petitioner who sold it. Hence, the Superior Court found that Petitioner failed to carry his burden to show the deficient performance prong of Strickland.

The Superior Court also found that Petitioner was not prejudiced by this stipulation given that there was more than sufficient other evidence that the substance sold was heroin. This application of the prejudice standard was clearly not contrary to or an unreasonable application of

7

Strickland's prejudice standard. Harrington v. Richter, 562 U.S. 86, 111–12 (2011) ("In assessing prejudice under *Strickland*, the question is not whether a court can be certain counsel's performance had no effect on the outcome or whether it is possible a reasonable doubt might have been established if counsel acted differently. Instead, *Strickland* asks whether it is "reasonably likely" the result would have been different. This does not require a showing that counsel's actions "more likely than not altered the outcome," but the difference between *Strickland's* prejudice standard and a more-probable-than-not standard is slight and matters "only in the rarest case." The likelihood of a different result must be substantial, not just conceivable.") (citations omitted).

Petitioner does not specifically argue that the Superior Court's disposition of Ground One was contrary to or an unreasonable application of Strickland. Hence, he has failed to carry his burden under the AEDPA to merit relief. Indeed, we find that the Superior Court's disposition was neither contrary to or an unreasonable application of Strickland under either prong of deficient performance or prejudice. Accordingly, Ground One does not merit any relief in this federal habeas proceeding.

### C. Grounds Two and Eight - Ineffective Assistance of Trial Counsel re: Sentencing

In Ground Two, Petitioner complains that his trial/sentencing counsel was ineffective because the trial court relied upon incorrect information contained in the Pre-Sentence Investigation ("PSI") report that reflected allegedly: 1) erroneous "subsequent possession charges;" and 2) misrepresented Petitioner's prior record score by relying upon a prior juvenile adjudication of guilt for a simple assault misdemeanor charge whereas the PSI listed the conviction as being an Aggravated Assault conviction. ECF No. 4 at 8.

Similarly, in Ground Eight, Petitioner raises the claim that his trial counsel was ineffective for "failing to challenge numerous aspects of appellant's sentence which were unreasonable and

8

based on incorrect information which resulted in an excessive sentence." ECF No. 4 at 14 (capitalization altered).

Although Petitioner contends that his trial/sentencing counsel was ineffective for failing to raise these sentencing claims, it appears in fact, that his trial/sentencing counsel indeed raised these claims in the post sentence motions, ECF No. 13-7 at 28-30, challenging the sentence as being excessive, denying that Petitioner had any juvenile adjudication for aggravated assault, id. ¶ 21, and arguing for concurrent rather than consecutive sentences. Hence, we do not see how Petitioner is factually correct in contending that his trial/sentencing counsel was ineffective for not challenging the sentence. Thus, we do not find that his trial/sentencing counsel was ineffective for failing to challenge the sentence because trial/sentencing counsel did indeed challenge the sentence.

Petitioner may instead be arguing that his direct appeal counsel was ineffective for not raising this claim on appeal. We note that Petitioner's trial/sentencing counsel was also his direct appeal counsel, i.e., Attorney J.D. Ryan. While Attorney Ryan raised the sentencing challenge in post sentence motions as previously noted, and also raised the sentencing challenge in the Pa. R.A.P. 1925(b) Statement of Matters Complained of on Appeal, ECF No. 13-9 at 2 ¶ 3, Attorney Ryan, withdrew the sentencing claims from consideration in his direct appeal brief. ECF No. 13-10 at 7 ¶ IV ("In light of a review of Com. v. Gibson, 716 A.2d 1275 (Pa. Super. 1998), the issue regarding Appellant's sentencing is withdrawn. The lower court's written statement pursuant to 42 Pa.C.S.A.§9721(b) is attached as Appendix 'A-3.'"). Accordingly, we find that any claim of sentencing error was itself procedurally defaulted by the withdrawal of this sentencing claim and Petitioner's only claim now would be that his direct appeal counsel was ineffective for withdrawing this sentencing claim from consideration on direct appeal.

Furthermore, we note that a claim that direct appeal counsel was ineffective for withdrawing the sentencing challenge was never raised. Hence, such a claim of direct appeal counsel's alleged ineffectiveness for withdrawing the sentence challenge is procedurally defaulted.

### D. Ground Three – Weight of the Evidence Claim is not Cognizable.

In Ground Three, Petitioner contends that the verdict of guilt is against the weight of the evidence. However, such a claim that the verdict is against the weight of the evidence is not a claim that is cognizable in federal habeas proceedings. McKinnon v. Superintendent, Great Meadow Correctional Facility, 422 F. App'x 69, 75 (2d Cir. 2011) ("the argument that a verdict is against the weight of the evidence states a claim under state law, which is not cognizable on habeas corpus,"); Young v. Kemp, 760 F.2d 1097, 1105 (11th Cir. 1985)("A federal habeas court has no power to grant habeas corpus relief because it finds that the state conviction is against the 'weight' of the evidence"); Davis v. Lavan, NO. CIV.03-40211, 2004 WL 2166283, at *9 (E.D. Pa. Sept. 23, 2004)("a claim that a verdict is against the weight of the evidence is not cognizable on habeas review because it requires an assessment of the credibility of the evidence presented at trial, and a state court's credibility determinations are binding on a federal habeas court."). Accordingly, Ground Three cannot provide a basis for federal habeas relief.

### E. Ground Four - The Suppression Claim is Barred by Stone v. Powell.

In Ground Four, Petitioner complains that the state courts erred by denying his omnibus pre-trial suppression motion. Specifically, Petitioner complains that the "the search and subsequent arrest of defendant's person was unlawful as neither [were] supported by probable cause nor reasonable suspicion to believe that petitioner committed any of the charged acts." ECF No. 4 at 11.[1]

---

[1] Although Petitioner invokes the Fourteenth Amendment in support of Ground Four, we understand Petitioner to be making a Fourth Amendment claim whose standards have been
(... footnote continued)

Petitioner's attempt to raise the alleged error of the trial court in denying his suppression motion in this federal habeas court is barred by the doctrine of Stone v. Powell, 428 U.S. 465 (1976). As has been previously explained:

> This is quintessentially a Fourth Amendment argument, *i.e.,* I was illegally seized and hence all fruits of that seizure including any statements from me must be suppressed, which is barred by *Stone v. Powell. See, e.g., Hampton v. Wyant,* 296 F.3d 560, 562 (7th Cir. 2002) (*"Stone v. Powell,* 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976), holds that, although both state and federal courts must apply the exclusionary rule at trial and on direct appeal, it is inappropriate to use the exclusionary rule as the basis of collateral relief because it would not appreciably augment the deterrence of improper police conduct."); *Jones v. Johnson,* 171 F.3d 270 (5th Cir. 1999) (on federal habeas review, federal court could not reexamine petitioner's Fourth Amendment claim alleging that post-arrest statements should have been suppressed as "poisonous fruit" of his illegal arrest, since state provided opportunity for full and fair litigation of petitioner's Fourth Amendment claim prior to trial and thus was barred by *Stone v. Powell* ); *Jones v. Superintendent of Rahway State Prison,* 725 F.2d 40, 42 (3d Cir. 1984) (contention that defendant's confession and all other evidence admitted at his trial should have been suppressed as fruit of illegal arrest was not proper subject for consideration by federal habeas corpus court under *Stone v. Powell* ). Hence, this issue is barred under *Stone v. Powell* and cannot afford a ground of relief herein. Thus, even if we assume for the sake of argument that the state courts "got it wrong" regarding the suppression of the September 2, 1999 statement, such would not afford Petitioner relief because violation of the exclusionary rule simply does not afford Petitioner a ground for relief in federal habeas proceedings. *See e.g., Guzman v. City of Chicago,* 565 F.3d 393, 398 n. 1 (7th Cir. 2009) ("It is also interesting to note that the vast majority of suppression motions based on alleged Fourth Amendment violations are heard by state court judges, and their decisions not to grant the motions are immune from review by lower federal courts in habeas cases.") (*citing Stone v. Powell*); *White v. Galaza,* No. C 99-2900, 2000 WL 630861, at *3 (N.D. Cal. May 8, 2000) ("If [petitioner] White had the opportunity to litigate his Fourth Amendment claim, it cannot be the basis for granting his habeas petition, even if the state court's decision on his claim was contrary to clearly established Supreme Court precedent or

---

incorporated into the Fourteenth Amendment's due process clause and thereby made applicable to the States. Bailey v. U.S., 568 U.S. 186, 192 (2013) ("For purposes of applying the Fourth Amendment to the states, the protections of the Fourth Amendment are incorporated into the Due Process Clause of the Fourteenth Amendment of the United States Constitution. The Fourth Amendment, applicable through the Fourteenth Amendment to the States, provides: 'The right of the people to be secure in their persons ... against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause ... particularly describing the place to be searched, and the persons or things to be seized.' This Court has stated 'the general rule that Fourth Amendment seizures are 'reasonable' only if based on probable cause' to believe that the individual has committed a crime."); Mapp v. Ohio, 367 U.S. 643 (1961).

involved an objectively unreasonable application of such precedent.")
*(citing Williams v. Taylor,* 529 U.S. 362, 120 S.Ct. 1495, 1503, 146 L.Ed.2d 389
(2000) (wherein the Supreme Court noted it is "well settled that the fact that
constitutional error occurred in the proceedings that led to a state-court conviction
may not alone be sufficient reason" to grant a habeas petition[.]

Young v. D.A. of County of Allegheny, CIV.A 08-91, 2010 WL 411752, at *6 (W.D. Pa. Jan. 28, 2010). See also Gilmore v. Marks, 799 F.2d 51, 57 (3d Cir. 1986) ("The Courts of Appeals ... have consistently held that an erroneous determination of a habeas petitioner's Fourth Amendment claim does not overcome the *Stone v. Powell* bar."). Accordingly, Ground Four does not provide a ground for relief in this federal habeas proceeding.

### F. Grounds Five and Six do not Provide a Basis for Relief.

In Grounds Five and Six, Petitioner complains that the PCRA trial court erred in denying his PCRA Petition without conducting a hearing first and in adopting the "no-merit" letter of his PCRA counsel as the opinion of the trial court. ECF No. 4 at 14. Clearly, Petitioner is complaining of the conduct of the PCRA proceedings. Such complaints about PCRA proceedings provide no basis for affording relief in federal habeas proceedings. Hassine v. Zimmerman, 160 F.3d 941, 954 (3d Cir. 1998) ("The federal role in reviewing an application for habeas corpus is limited to evaluating what occurred in the state or federal proceedings that actually led to the petitioner's conviction; what occurred in the petitioner's collateral proceeding does not enter into the habeas calculation. . . . Federal habeas power is 'limited ... to a determination of whether there has been an improper detention by virtue of the state court judgment.'"); Lambert v. Blackwell, 387 F.3d 210, 247 (3d Cir. 2004) ("alleged errors in collateral proceedings ... are not a proper basis for habeas relief from the original conviction."). Accordingly, Grounds Five and Six do not afford a basis for the granting of a writ of habeas corpus in these federal proceedings.

### G. Ground Seven is Procedurally Defaulted and Meritless.

In Ground Seven, Petitioner complains that his trial counsel was ineffective for failing to advise Petitioner that he was possibly facing a maximum sentence of fifteen years, which allegedly prevented Petitioner from accepting an alleged five year maximum plea deal allegedly offered to him by the prosecution before the trial. ECF No. 4 at 14.

This issue was raised before the Superior Court on appeal in the PCRA proceedings. The Superior Court addressed this issue as follows:

> First, Appellant claims that if he had known the maximum sentence for his crimes, he would have entered into a plea deal with the Commonwealth. He contends the Commonwealth offered him a two and one half (2 ½) to five (5) year sentence in exchange for a guilty plea that he would have taken if he had known that he could have received a fifteen (15) year sentence. He argues his trial counsel was ineffective for failing to advise him of the length of the maximum sentence allowed for his crimes.
> Appellant has waived this issue because he failed to include it in his PCRA petition or his Pa.R.A.P.1925(b) statement. *See Commonwealth v. Jones,* 912 A.2d 268, 278 (Pa. 2006) ("[A]n issue is waived where it was not presented in the original or amended PCRA petition below."). Moreover, our independent review of the record did not reveal evidence of a possible plea bargain with the Commonwealth. Thus, Appellant's issue merits no relief.

Com. v. Young, 2015 WL 7187672, at *5.

In light of the foregoing, we find Ground Seven to be procedurally defaulted because Petitioner failed to raise it in his pro-se PCRA petition or in his pro-se 1925(b) Statement. We find the state law rules of waiver for failure to raise the issue in the PCRA petition and/or for failure to raise the issue in the 1925(b) statement to be independent and adequate, thus rendering the state law waiver, a procedural default for federal habeas purposes. Edwards v. Wenerowicz, Civ.A. No. 11–3227, 2012 WL 568849, at *4 (E.D. Pa. Jan. 31, 2012) ("The Third Circuit has specifically recognized that a failure to comply with Rule 1925(b) and identify all issues to be reviewed on appeal resulting in waiver at the state court level constitutes procedural default on independent and adequate state grounds. *Buck v. Colleran*, 115 F. App'x 526, 528 (3d Cir. 2004)."), *report adopted by*, 2012 WL 569015 (E.D. Pa. Feb. 22, 2012); Hall v. Beard, 55 F. Supp.

13

3d 618, 641 (E.D. Pa. 2014) ("any of petitioner's claims not raised on PCRA review, but raised for the first time to the Supreme Court of Pennsylvania on PCRA appeal, which were held to be waived, are procedurally defaulted and are not subject to federal habeas review.").

Nor does Petitioner have cause to excuse his procedural default as the responsibility for failing to raise the claim in his pro-se PCRA petition or in his pro-se 1925(b) Statement lies solely with Petitioner himself. Gonzalez v. Superintendent Graterford SCI, 655 F. App'x. 96, 100 (3d Cir. 2016) ("The Supreme Court later clarified in *Coleman v. Thompson* 'that 'cause' under the cause and prejudice test must be something external to the petitioner, something that cannot fairly be attributed to him....'"). Nor can Petitioner show any miscarriage of justice to excuse this procedural default. Accordingly, Ground Seven is procedurally defaulted.

In the alternative, Ground Seven is meritless given that the Superior Court found that there was simply no evidence of any plea deal, and, therefore, under the facts of this case, Petitioner could not have been prejudiced by the fact that counsel allegedly failed to tell Petitioner that he could face a maximum sentence of fifteen years given that there was no plea deal for five years which Petitioner "erroneously" rejected. Therefore, Ground Seven provides no basis for federal habeas relief.

## III. CONCLUSION

For the foregoing reasons, it is hereby ORDERED that the Petition is DENIED. A Certificate of Appealability is likewise DENIED given that jurists of reason would not find the foregoing debatable.

BY THE COURT:

MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

Date: October 15, 2018

ANDRE D. YOUNG
KU-7339
SCI Forest
Post Office Box 45
Marienville, PA 16239

All Counsel of record via CM-ECF

15

## III. CONCLUSION

For the foregoing reasons, it is hereby ORDERED that the Petition is DENIED. A Certificate of Appealability is likewise DENIED given that jurists of reason would not find the foregoing debatable.

BY THE COURT:

*Maureen P. Kelly*
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

Date: October 15, 2018

ANDRE D. YOUNG
KU-7339
SCI Forest
Post Office Box 45
Marienville, PA 16239

All Counsel of record via CM-ECF

15